UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

)
NATURAL RESOURCES DEFENSE )
  COUNCIL, et al., )
)
            Plaintiffs, )
)
    v. )            Civil Action No. 08-1709 (PLF)
)
STEVEN CHU, et al., )
)
            Defendants. )
_____)

MEMORANDUM OPINION AND ORDER

This matter is before the Court on the parties' joint motion to amend the

protective order [17]. The Court previously approved the other request made in the parties'

motion, modifying the scheduling order. The Court will not, however, approve the parties'

proposed protective order because paragraph 6 is inconsistent with "this country's strong

tradition of access to judicial proceedings." United States v. Hubbard, 650 F.2d 293, 317 n. 89

(D.C. Cir. 1980).

As a general rule, the courts are not intended to be, nor should they be, secretive

places for the resolution of secret disputes. See, e.g., Nixon v. Warner Communications, Inc.,

435 U.S. 589, 597 (1978) ("It is clear that the courts of this country recognize a general right to

inspect and copy public records and documents, including judicial records and documents.").

Given the policy in favor of public access, and the ease with which confidential and potentially

confidential information may be redacted from documents before they are filed publicly, the

Court concludes that this case can and should be open to the public to the greatest extent

possible. For that reason, paragraph 6 of the parties' Amended Protective Order – which

provides for the filing under seal of all documents filed with the Court containing information

from, or quote from or paraphrase "Confidential Documents" – must be amended. Specifically,

paragraph 6 must be amended to provide as follows:

> 1. All documents of any nature, including motions and briefs, that contain confidential material a party proposes to keep under seal shall be filed with the Court under seal in an envelope or other container marked with the title of the action, the title of the court filing which contains the confidential material, and the statement "FILED UNDER SEAL" below the Court.

> 2. Within five business days a party filing such documents with the Court shall *also* file on the public record a copy of the documents in which the confidential material is redacted. Alternatively, if – *and only if* – the redactions are so extensive as to render the documents useless to the reader, the party shall file on the public record a notice of the filing of the documents under seal in their entirety.

> 3. Redactions to public copies of documents shall be made solely to the extent necessary to preserve the confidentiality of the relevant information and in accordance with the principles set forth in this Memorandum Opinion and Order.

> Accordingly, it is hereby

> ORDERED that the parties' joint motion to modify the scheduling order and to

modify to protective order [17] is denied in part; and it is

> FURTHER ORDERED that on or before May 14, 2009 the parties shall meet,

confer and file with the Court an amended protective order. That protective order must be

amended as described above. The parties' amended protective order may be identical to the

current Stipulated Protective Order in all other respects.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
DATE: April 30, 2009                    United States District Judge

3